

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| LAYLA MCMILLON, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:25-4486-MGL |
| | § | |
| SOUTH CAROLINA MILITARY | § | |
| DEPARTMENT, OFFICE OF THE | § | |
| ADJUTANT GENERAL, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING PLAINTIFF'S MOTION TO REMAND**

## I.     INTRODUCTION

Plaintiff Layla McMillon (McMillon) filed this lawsuit in the Richland County Court of Common Pleas against her former employer, Defendant South Carolina Military Department, Office of the Adjutant General (OAG). McMillon's complaint asserts state law claims for wrongful discharge and negligence.

OAG subsequently removed the case to this Court, claiming it has federal question jurisdiction over the matter in accordance with 28 U.S.C. § 1331. Its removal is "based on the negligence claim." Objections at 5 n.1. According to OAG, "the [Family Medical Leave Act (FMLA)] is a necessar[y] element of [McMillon's] negligence claim, and resolution of that claim will require application and interpretation of the FMLA. OAG did not remove based on the wrongful discharge claim." *Id.* (citations omitted).

Lacking here is any suggestion the Court has diversity jurisdiction over this case.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court McMillon's motion to remand be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.    FACTUAL AND PROCEDURAL HISTORY

As per the complaint, McMillon worked for OAG, an agency of the State of South Carolina, beginning in 2021. OAG terminated her employment effective August 16, 2024, for what it said was job abandonment. According to McMillon, however, she had previously obtained approval for medical leave through September 16, 2024.

After McMillon filed her motion to remand this case, OAG filed its response in opposition, after which McMillon filed her reply in support.

The Magistrate Judge filed the Report on October 7, 2025, OAG filed its objections to the Report on October 21, 2025, and McMillon filed her reply to OAG's objections on November 3,

2

2025. The Court has carefully considered OAG's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

## IV.     DISCUSSION AND ANALYSIS

### A.     *The applicable law*

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co*., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the Court] must strictly construe removal jurisdiction." *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

When a complaint invokes a federal issue, yet fails to plead a federal cause of action, "the mere presence of [the] federal issue . . . does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

The South Carolina Human Resources Regulations, S.C. Code Regs. 19-700, et seq. (the regulations), afford leave consistent with the FMLA to state employees. That regulatory provision of leave is the basis for McMillons's common law state claim of negligence.

When determining whether the Court has federal question jurisdiction over such a matter, "the question is, [1] does a state-law claim necessarily raise a stated federal issue, [2] actually disputed and [3] substantial, [4] which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg*., 545 U.S. 308, 314 (2005).

"Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Grable*, 545 U.S. at 313-14. It then

necessarily follows that, if the removing party neglects to establish all four of these elements, the removal is unjustified under federal law.

"As the Supreme Court has emphasized, courts are to be cautious in exercising jurisdiction of this type, which lies at the outer reaches of § 1331." *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019) (citation omitted) (internal quotation marks omitted). "The mere presence of a federal issue in a state cause of action is not enough to confer jurisdiction. If it were, then innumerable claims traditionally heard in state court would be funneled to federal court instead, raising serious federal-state conflicts." *Id.* (citations omitted) (internal quotation marks omitted).

This is why "[f]ederal jurisdiction is rarely established on this basis." *Webb v. Fin. Ind. Reg. Auth.*, Inc., 889 F.3d 853, 860 (7th Cir. 2018). The Supreme Court has termed them a "special and small category" of cases. *Gunn*, 568 U.S. at 258.

This case presents one of the more complex and complicated areas of federal question jurisdiction. And, as the Supreme Court has noted, the *Grable* doctrine is far from being a model of clarity: "In outlining the contours of this slim category, [the Court does] not paint on a blank canvas. Unfortunately, the canvas looks like one . . . Jackson Pollock got to first." *Id.* "Jackson Pollock (1912–1956) was an American painter of the abstract expressionist movement known for his 'drip' style." *Allegrino v. Sachetti*, No. 3:14–cv–01865–VAB, 2015 WL 3948986, at *1 (D. Conn. June 29, 2015).

### B.     *The motion to remand*

The parties agree McMillon is unable to recover money damages from OAG under the federal FMLA. *See Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 43-44 (2012) (basing its decision on sovereign immunity, holding state employees are unable to recover money damages from state agencies for claims arising under the FMLA's self-care provisions).

4

As to McMillon's negligence claim, she contends the regulations, which incorporate the FMLA, creates a duty to process her leave with due care. Here, McMillon pled a state claim, which contains a federal issue concerning the FMLA, as opposed to pleading a cause of action created by the FMLA/federal law. In other words, there is a federal issue embedded in McMillon's state cause of action.

McMillon's motion to remand requires the Court to decide whether the regulations require resolution of a substantial federal question conferring jurisdiction in this Court pursuant to 28 U.S.C. § 1331.

The Magistrate Judge and McMillon answer this question in the negative. If accepted by the Court, this means it is without jurisdiction over this matter and remand is proper. OAG sees things differently.

### C.     OAG's Objections to the Report

OAG makes four objections to the Report. OAG first contends the Magistrate Judge "erred in finding . . . [McMillon] has no recourse under the FMLA." Objections at 1 (emphasis omitted). According to OAG, although McMillon "is limited in her recovery of money damages from the State for FMLA self-care leave violations due to sovereign immunity, federal law provides her other remedies, including prospective injunctive relief pursuant to *Ex Parte Young*, 209 U.S. 123 (1908)), and through a complaint filed with the United States Department of Labor." *Id*.

McMillon, however, has failed to specifically request injunctive relief, and OAG has neglected to make any argument suggesting she has filed a complaint with the United States Department of Labor. And, as the Court already noted, the compensatory damages remedy sought in McMillon's complaint is unavailable under the FMLA.

Thus, the fact these other forms of relief might be available to McMillon in federal court are inconsequential here. *See Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583, 588 (6th Cir.

2013) ("[The plaintiff] does not clearly seek recovery under federal law; rather, [the plaintiff's] complaint is a state-law claim with a federal ingredient.  Accordingly, [the plaintiff's] action cannot be understood as asserting a federal . . . claim and the court does not have subject-matter jurisdiction on that basis[.]"), *cited with approval in Mayor & City Council of Balt. v. BP P.L.C.*, 31 F.4th 178, 200 (4th Cir. 2022).

Additionally, in the Report, although the Magistrate Judge does indeed state McMillon "has no recourse against the defendant under the [FMLA][,]"  Report at 1, in support of that statement, she immediately cites to *Coleman*, 566 U.S. at 43-44, for the proposition "state employees cannot recover [money] damages from state agencies for claims arising under the FMLA's self-care provisions due to sovereign immunity[.]" *Id*. at 1-2.

Thus, when read in context, it is clear the Magistrate Judge's "no recourse" statement refers only to money damages being unavailable to McMillon under the FMLA.

Even if "federal law provides [McMillon] other remedies, including [1] prospective injunctive relief pursuant to *Ex Parte Young*, 209 U.S. 123 (1908)), . . . [2] through a complaint filed with the United States Department of Labor[,]" Objections at 1, and "[3] other avenues of relief . . . for [McMillon] under the FMLA in federal court[,]" *id*. at 2, again, she has refrained from "clearly seek[ing] recovery under federal law[.]"  *Singh*, 707 F.3d at 588.  Accordingly, "[McMillon's] action cannot be understood as asserting a federal . . . claim and the court does not have subject-matter jurisdiction on that basis[.]"  *Id.*

Accordingly, for these reasons, the Court will overrule OAG's first objection.

In OAG's second objection, it argues the Magistrate Judge "erred in recommending . . . resolution of [McMillon's] negligence claim will not involve interpretation of the FMLA."  Objections at 2 (emphasis omitted).  OAG further states "[t]he FMLA is an essential element of Plaintiff's negligence claim."  *Id*.

The Magistrate Judge states in the Report

> [OAG] has failed to show . . . [McMillon's] claims will involve interpretation of the FMLA.  [Her] negligence. . . claim[]  raise[s] no dispute about the meaning of the FMLA and require no inquiry whose resolution would carry a controlling effect on other cases.  Rather, they simply require application of the language of the federal statute to the facts presented in [McMillon's] Complaint.

Report 4-5.

The gist of OAG's objection is "[t]he entirety of McMillon's negligence claim fails without reliance on a duty arising under the FMLA, making an interpretation of the FMLA essential to the claim."  Objections at 2.  OAG argues "it is the FMLA—and not the [r]egulations—that creates and informs the scope of the alleged duty owed to [McMillon].  The legal basis for [McMillon's] negligence claim is the FMLA, and that claim cannot exist apart from the duty created under the FMLA's federal statutory scheme." *Id*. at 3.

In the Court's own independent research, it located the Supreme Court case *Moore v. Chesapeake & O. Ry. Co.*, 291 U.S. 205, 214 (1934), which is instructive here.  In that case, the Supreme Court held

> Questions arising in actions in state courts to recover for injuries sustained . . . relating to the scope or construction of [a federal statute] are, of course, federal questions which may appropriately be reviewed in [the Supreme] Court.  But it does not follow . . . a suit brought under the state statute . . . , and brings within the purview of the statute a breach of the duty imposed by the federal statute, should be regarded as a suit arising under the laws of the United States and cognizable in the federal court in the absence of diversity of citizenship.

*Id* (citations omitted).

That is exactly what we have here.  Applying *Moore* to the facts of this case,

> Questions arising in [McMillon's] action[ ] in state court[ ] to recover for injuries sustained . . . relating to the scope or construction of [the FMLA] are, of course, federal questions which may appropriately be reviewed in [the Supreme] Court.  But it does not follow . . . a suit brought under the [regulations] . . . , and brings within the purview of the [regulations] a breach of the duty imposed by the [FMLA], should be regarded as a suit arising under the laws of the United States and cognizable in the federal court in the absence of diversity of citizenship.

*Id*. (citations omitted).

Thus, even if the this case involves an interpretation of the FMLA, this fact remains: just because a federal statute such as the FMLA may "create[ ] and inform[ ] the scope of the alleged duty owed to [McMillon,]" Objections at 3, in light of *Moore*, the Court is unpersuaded this case "should be regarded as a suit arising under the laws of the United States and cognizable in the federal court[.]" *Moore*, 291 U.S. at 214.

Therefore, the Court will overrule OAG's second objection, as well.

Third, OAG states the Magistrate Judge "erred in recommending . . . the FMLA is not a necessary element of [McMillon's] negligence claim and does not raise a substantial issue of federal law." Objections at 3 (emphasis omitted).

OAG also insists "the FMLA creates and defines the alleged duty of care at issue in [MacMillan's] claims." Objections at 3. According to OAG, "[a]n analysis of the duty of care owed to [McMillon] cannot be separated from the FMLA." *Id*. at 4. OAG further maintains "[a] federal question is necessarily raised if it is an essential element of one of the well-pleaded state claims." *Id*.

But, as stated above, "it does not follow . . . a suit brought under the state [regulation] . . . , and brings within the purview of the [regulation] a breach of the duty imposed by the [FMLA], should be regarded as a suit arising under the laws of the United States and cognizable in the federal court in the absence of diversity of citizenship." *Moore*, 291 U.S. at 214.

Regarding OAG's statement concerning whether "[McMillons's] claims raise a substantial issue of federal law[,]" Objections at 5, when deciding whether the federal issue is substantial, the Court considers these three things:

> First, a pure question of law is more likely to be a substantial federal question. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700–01 (2006). Second, a question that will control many other cases is more likely to be a substantial federal question. *Id*. Third, a question . . . the government has a strong interest in litigating in a federal forum is more likely to be a substantial federal question. *Grable*, 545 U.S. at 315–16.

*MDS (Canada) Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 842 (11th Cir. 2013).

8

Applying these three considerations to this case, first, this case fails to present "a pure question of law[.]" *Id*. Instead, this case will depend heavily on the facts of the case.

As OAG observed in its response in opposition to McMillon's motion to remand, "[i]n [McMillon's] Complaint, [she] alleges she requested FMLA leave, OAG approved her FMLA leave, OAG failed to extend her statutory leave under the FMLA, and OAG violated the FMLA by not reinstating her." Objections at 2.

So, did she properly request FMLA leave? Did OAG approve it? Did OAG fail to grant her the leave she was entitled to under the FMLA? Did OAG violate the FMLA when it failed to reinstate here. These are all questions for a jury to decide.

Second, this case fails to present "a question that will control many other cases[.]" *Id*. In the Court's experience, there are few cases such as this. And, although this opinion may provide persuasive authority in other cases, as a district court opinion, the Court's opinion here is without binding authority. So, the Court is unable to say the question presented here will control any other cases.

And third, it would be a wide stretch to say this case contains "a question . . . the government has a strong interest in litigating in a federal forum[.]" *Id*.

As such, OAG is unable to show this case "raise[s] a substantial issue of federal law." Objections at 3 (emphasis omitted). Thus, the Court is unable to hold the federal issue presented here is substantial.

Consequently the Court will also overrule OAG's third objection.

Fourth, OAG says the Magistrate Judge "erred in recommending . . . no determination as to the meaning of the FMLA is needed to resolve [McMillon's] negligence claim." Objections at 5 (emphasis omitted). It further states "[McMillon] cannot establish the essential elements of her claims

independently of the FMLA, and the resolution of her claims depends on the meaning of the FMLA statute." *Id*.

But, even assuming a "determination as to the meaning of the FMLA is needed to resolve [McMillon's] negligence claim[,]" Objections at 5 (emphasis omitted), "[McMillon] cannot establish the essential elements of her claims independently of the FMLA, and the resolution of her claims depends on the meaning of the FMLA statute[,]" *id*., again, as *Moore* instructed us, "it does not follow . . . a suit brought under the [regulations] . . . , and brings within the purview of the [regulations] a breach of the duty imposed by the [FMLA], should be regarded as a suit arising under the laws of the United States and cognizable in the federal court in the absence of diversity of citizenship." *Moore*, 291 U.S. at 214.

In regards to the issue of the FMLA playing a role here, "[s]tate courts are fully capable of resolving federal issues that arise in connection with the state claims before them, and the possibility . . . a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts jurisdiction, even if the potential error finds its root in a misunderstanding of federal law," *Burrell*, 918 F.3d at 386 (citation omitted) (internal quotation and alteration marks omitted), "which may appropriately be reviewed in [the Supreme] Court." *Moore*, 291 U.S. at 214.

In fact, the Court has located cases showing South Carolina courts have decided similar cases to this one. *See, e.g., Holbert v. S.C. State Bd. for Tech. and Comprehensive Educ.*, No. 2012–UP–133, 2012 WL 10841266, at *1 (S.C. App. 2012) (citing to the regulations and referencing the FMLA in the opinion and stating "Greenville Technical College . . . terminated [the plaintiff's] employment for his failure to return to work following an extended medical leave."); *Drew v. Waffle House, Inc.*, 571 S.E.2d 89, 92 (S.C. 2002) ("It is uncontested petitioner was denied reinstatement upon her return from FMLA leave. She claimed front pay based on her entitlement to reinstatement. It was [the defendant's] burden to show petitioner would have been terminated for an unrelated reason while on FMLA leave, or that her continued employment would have been limited, in order to defeat or reduce the claim for front pay[.]").

The logical conclusion to OAG's argument here is, because the regulations incorporate the FMLA, each time this regulation is pled, the Court will have federal question jurisdiction over the matter pursuant to 28 U.S.C. § 1331. In other words, all alleged violations of the regulations at issue here can be brought or removed to this Court.

But, such an interpretation of the regulations is untenable. Surely, this Court is without federal question jurisdiction over each and every alleged violation of the regulations, notwithstanding the fact they incorporate the FMLA.

The Court assumes the state incorporated the FMLA into the regulations so the benefits of these regulations would mirror those of the FMLA, as opposed to promulgating the regulations to include the FMLA such that the Court would have federal question jurisdiction over each violation of them.

Simply put, the Court is unable to identify any compelling reasons of federal judicial policy for embracing a case of this kind as a federal question case. The elements of McMillon's state claim of negligence would be more appropriately dealt with by a Court of Common Pleas than by this Court.

Finally, in this objection, OAG cites to *City Nat. Bank v. Edmisten*, 681 F.2d 942 (4th Cir. 1982) for the proposition "a state-created cause of action may also arise under federal law if the resolution of the dispute depends upon the validity, construction, or effect of federal law, so long as the federal question is a real and substantial issue, and its resolution is an essential element of plaintiff's case." *Id*. at 945 (citations omitted). But, the Court has already stated above it is unable to say the federal issue presented here is substantial. Thus, the holding in *Edmisten* is inapplicable to the facts of this case.

Hence, the Court will overrule OAG's fourth objection, too.

In sum, as the Court stated earlier, when deciding whether the Court has federal question jurisdiction a matter such as this, "the question is, [1] does a state-law claim necessarily raise a stated federal issue, [2] actually disputed and [3] substantial, [4] which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

But, OAG founders on its attempt to satisfy the "substantial" requirement. All four of the *Grable* requirements, however, must be met for the Court to have federal question jurisdiction. *Gunn*, 568 U.S. at 258.

Given this determination, it is unnecessary for the Court to discuss the other three *Grable* requirements. *See Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 348 (2022) (Roberts, C. J., concurring in judgment) ("If it is not necessary to decide more to dispose of a case, then it is necessary not to decide more."); *see also Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

Consequently, inasmuch as OAG is unable to establish this case can be squeezed into the slim category *Grable* describes, this case falls outside that "'special and small category' of cases[,]" *Gunn*, 568 U.S. at 258, such that the Court is without jurisdiction over this matter. As a result, the Court will grant McMillons's motion to remand.


V.     **CONCLUSION**

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules OAG's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court McMillon's motion to remand is **GRANTED**; and this case is **REMANDED** to the Richland County Court of Common Pleas.

**IT IS SO ORDERED**.

Signed this 4th day of March, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE